UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY BOTHWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 2:19-CV-344 RLM |
| | ) |
| | ) |
| ANDREW M. SAUL | ) |
| Acting Commissioner of | ) |
| Social Security Administration | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Roy Bothwell seeks judicial review of the final decision of the Commissioner of Social Security that Mr. Bothwell's disability ended as of March 19, 2012. The court has jurisdiction over this action under 42 U.S.C. §§ 405(g). For the reasons that follow, the court vacates and remands the Commissioner's decision.

Mr. Bothwell was 38 years old on March 19, 2012, the date on which the Commissioner determined that he was no longer disabled. Mr. Bothwell contended that he was still disabled due to a variety of physical and mental impairments, including multiple sclerosis, narcolepsy, osteoarthritis of the left hip, degenerative disc disease of the lumbar spine, tendinosis of the left shoulder, obesity, and deep vein thrombosis. In 2012, the state agency found that Mr. Bothwell was no longer disabled and an ALJ upheld the finding. Mr. Bothwell appealed, and the district court remanded. An ALJ found that he was no longer

1

disabled. Mr. Bothwell appealed again, and the district court remanded again. After an administrative hearing in May 2019, an ALJ issued an unfavorable decision, which is the one before the court today. The ALJ concluded that, as of March 19, 2012, Mr. Bothwell had medical improvement that allowed him to perform a significant number of jobs in the national economy. More specifically, the ALJ found that:

- The most recent favorable decision, or comparison point decision, was in March 24, 2005.

- Through March 19, 2012, the date Mr. Bothwell's disability ended, he hasn't engaged in substantial gainful activity.

- As of March 19, 2012, Mr. Bothwell had the following medically determinable impairments: multiple sclerosis, narcolepsy, osteoarthritis of the left hip, degenerative disc disease of the lumbar spine, tendinosis of the left shoulder, obesity, and deep vein thrombosis.

- Since March 19, 2012, Mr. Bothwell had no impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 2- CRF Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

- Medical improvement occurred as of March 19, 2012.

- As of March 19, 2012 the impairment present at the time of the comparison point decision had decreased in severity to the point where Mr. Bothwell had the residual functional capacity to perform sedentary work as defined by 20 CFR 404.1567(a) except he could lift/carry and push/pull up

to 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk 6 hours a day; and sit for up to 6 hours a day. He could never climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, balance, and stoop. He could never crouch, kneel, or crawl. He could no more than occasionally lift with the left, dominant upper extremity. He could never be exposed to extreme heat, or wet, slippery, or uneven walking surfaces. He could have only occasional exposure to pulmonary irritants, such as fumes, noxious odors, dust, mists, gases, and poorly ventilated areas. He could have no exposure to hazards, such as moving mechanical parts or unprotected heights. He must have the option of a brief change of position for 1-2 minutes after 60 minutes of standing, walking, or sitting.

- Based on the vocational expert's testimony, Mr. Bothwell couldn't perform his past relevant work as a welder fitter, but could perform other work that existed in significant numbers in the national economy, including: order clerk (4,200 jobs nationally/DOT # 209.567-014); document preparer (32,00 jobs nationally/DOT #249.587-018); printed circuit board (12,000 jobs nationally/DOT #209.587-101).

The ALJ concluded that Mr. Bothwell wasn't disabled within the meaning of the Social Security Act and wasn't entitled to disability benefits. Mr. Bothwell didn't appeal to the Appeals Council and it didn't review on its own, so the ALJ's decision was the final decision. This appeal followed.

Mr. Bothwell contends that:

(1) The ALJ didn't properly evaluate Mr. Bothwell's RFC because she:

(2) The ALJ didn't properly evaluate the treating neurologist Dr. Misra's opinion;

(3) Improperly assessed his subjective complaints; and

(4) Improperly credited VE testimony that conflicted with the DOT.

The issue before the court isn't whether Mr. Bothwell is disabled, but whether substantial evidence supports the ALJ's decision that he is not. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but it "will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005).

The ALJ isn't required "to address every piece of evidence or testimony presented, but she must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160.

The ALJ erred in her change in position limitation, evaluation of treating neurologist Dr. Misra's opinion, and consideration of Mr. Bothwell's activities of daily living.

Substantial evidence doesn't support the ALJ's change in position limitation. The ALJ determined that Mr. Bothwell must be able to change positions for a minute or two minutes every 60 minutes. Mr. Bothwell argues that the ALJ didn't cite support for that the change in position limitation. The Commissioner responds that Mr. Bothwell himself testified that he needs to change positions and that the ALJ simply discredited the frequency of the change. The ALJ found that Mr. Bothwell's MS and left calf pain merited a limitation but didn't believe Mr. Bothwell's assertion about how frequently he needed a position change. The ALJ didn't cite any evidence that contradicted Mr. Bothwell's assertion that he couldn't walk or stand for longer than five to ten minutes without a break. The ALJ noted many instances in which Mr. Bothwell demonstrated an intact gait and mild abnormalities but didn't cite to a medical opinion or specific evidence that Mr. Bothwell would walk or stand for 60 minutes without a break. The ALJ's change in position limitation wasn't supported by substantial evidence.

The vocational expert testified that if Mr. Bothwell had to change positions every half hour – at least tripling the frequency Mr. Bothwell testified to – it would greatly restrict the number of jobs available to him. For an ALJ to believe a claimant is exaggerating the number of times he has to change position is one thing, but some evidence to is needed to leap from the claimant's allegation that

he needed to shift positions every 10 minutes, over the 30 minute frequency that would have limited the jobs available, and land on the 60 minute frequency that allowed a finding of not disabled. No evidence supported the ALJ's 60-minute frequency. The ALJ erred in her evaluation of Mr. Bothwell's treating neurologist, Dr. Subhasree Misra. The ALJ gave Dr. Misra's opinion gave little weight. An ALJ who doesn't give a treating physician's opinion controlling weight must consider a checklist of factors to determine the weight due the opinion. Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009). One of those factors is the treating physician's specialty. Id.; 20 C.F.R. § 404.1527(c). This court, along with the Northern District of Illinois, has held in a variety of cases that the failure to mention a pertinent specialty amounts to reversible error. Gandy v. Berryhill, No. 2:18-cv-00153-JVB-APR, 2019 U.S. Dist. LEXIS 117733, at *5 (N.D. Ind. July 15, 2019); Santiago v. Berryhill, No. 2:18-cv-00145-JVB-APR, 2019 U.S. Dist. LEXIS 117732, at *9 (N.D. Ind. July 15, 2019); Lucy S. v. Saul, No. 18-cv-6869, 2020 U.S. Dist. LEXIS 10294, at *19 (N.D. Ill. Jan. 22, 2020); Kathy P. v. Saul, No. 18 CV 50295, 2020 U.S. Dist. LEXIS 89410, at *18 (N.D. Ill. May 21, 2020); Molly K. v. Saul, No. 18 C 3415, 2019 U.S. Dist. LEXIS 138812, at *36 (N.D. Ill. Aug. 16, 2019). That position seems reasonable in a case such as this, in which the ALJ gave little weight to the treating neurologist's opinion. The Commissioner argues the ALJ wasn't required to discuss Dr. Misra's specialty because Dr. Goldstein, the testifying medical expert, was also a neurologist. But it is Dr. Misra's specialty, not that of another doctor, that must be considered to evaluate

her medical opinion. The ALJ made a reversable error when she didn't consider Dr. Misra's specialty.

The ALJ also erred in her discussion of Mr. activities of daily living. The ALJ found that while Mr. Bothwell's medically determinable impairments could have reasonably been expected to produce the alleged symptoms, his statements about the intensity, persistence, and limiting effects of the symptoms weren't consistent with the medical evidence and other evidence. The ALJ noted that Mr. Bothwell repeatedly said he could engage in activities of daily living: he took care of his own personal needs, cleaned his room, cooked simple meals, and used an exercise bike. The ALJ addressed Mr. Bothwell's daily activities but didn't specify what effect those activities had on her determination. Listing Mr. Bothwell's activities of daily living built no logical bridge to the ALJ's determination that they didn't support his alleged limitations. The ALJ didn't acknowledge the different demands for completing those activities and performing a full-time job. Ghiselli v. Colvin, 837 F.3d 771, 777-78 (7th Cir. 2016). The ALJ also erred when she didn't discuss how Mr. Bothwell's allegedly altered those activities to accomplish them. Moss v. Astrue, 555 F.3d at 562. The ALJ erred in her treatment of Mr. Bothwell's activities of daily living.

Accordingly, the Commissioner's decision is REVERSED, and the case is REMANDED for further proceedings.

SO ORDERED.

ENTERED:  July 27, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court